# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jonnathan X.D.B., | Civil No. 26-588 (DWF/DJF) |
| Petitioner, | |
| v. | |
| | **MEMORANDUM** |
| Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement*; Pamela Bondi, *U.S. Attorney General*; Warden, *ERO Torrence County Detention Center, Estancia, New Mexico*; Executive Office for Immigration Review; and Immigration and Customs Enforcement, | **OPINION AND ORDER** |
| Respondents. | |

## INTRODUCTION

This matter is before the Court on Petitioner Jonnathan X.D.B.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a response seeking dismissal or transfer to the District of New Mexico. (Doc. No. 6.) For the reasons set forth below, the Court grants Respondents' request and transfers this case to the District of New Mexico.

## BACKGROUND

Petitioner is a citizen of Ecuador and has been present in the United States since August 2024. (Doc. No. 1 ¶¶ 3, 24.) He was previously held by immigration authorities, then issued a Notice to Appear and released, and subsequently granted interim parole. (*Id.* ¶¶ 1, 3.) He currently has a pending asylum application. (*Id.* ¶¶ 1, 5.) Petitioner has fully complied with all immigration requirements since his release. (*Id.* ¶ 4.)

Petitioner was arrested on January 10, 2026, at a regular check-in with U.S. Immigration and Customs Enforcement ("ICE"). (*Id.* ¶ 6.) Petitioner was initially detained in Minnesota, but later transferred to El Paso, Texas, and then to Estancia, New Mexico. (*Id.* ¶¶ 1, 8.) He was detained in New Mexico at the time the Petition was filed and appears to still be detained in New Mexico today. (*See id.* ¶ 8; Doc. No. 7 at 3.) Petitioner currently has a master hearing set for February 3, 2026, before an immigration judge in New Mexico. (Doc. No. 1 ¶ 9.)

Petitioner filed the Petition on January 23, 2026. (*Id.* at 12.) He asserts that his detention is unlawful under the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act. (*Id.* ¶¶ 31-41.) He requests that the Court order his return to Minnesota and subsequent release and award attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412. (*Id.* at 11-12.) Respondents filed a response seeking dismissal or transfer of the Petition to the District of New Mexico. (Doc. No. 6.)

## DISCUSSION

Generally, jurisdiction over a habeas petition lies only in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). There are a couple of

exceptions to this general rule. First, a district court is not stripped of jurisdiction if the Government moves the petitioner after they properly filed their petition in that district. *Id.* at 441. Second, the general rule is inapplicable when "there is an indication that the Government's purpose in removing a prisoner [was] to make it difficult for his lawyer to know where the habeas petition should be filed, or where the Government was not forthcoming with respect to the identity of the custodian and the place of detention." *Id.* at 454 (Kennedy, J., concurring); *see also id.* at 450 n.18 (majority opinion) ("When . . . a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules."); *Aleksander B. v. Trump*, No. 26-cv-170, 2026 WL 172435, at *2 (D. Minn. Jan. 22, 2026) (collecting cases that recognized this exception).

Here, Petitioner acknowledges that he was detained in the District of New Mexico at the time the Petition was filed. Therefore, the first exception is inapplicable. It appears that the second exception is also inapplicable because Petitioner's argument primarily focuses on his ties to the Minnesota community and his arrest in Minnesota rather than the Government's actions since the arrest. Although Petitioner has been moved twice, there is no evidence in the record that the Government did so to make it difficult for counsel to locate him or file a habeas petition. Furthermore, Petitioner's current location is known and does not appear likely to change given that he has a master hearing set for next week. Without more, the Court cannot establish jurisdiction to hear

3

this case.[1]  However, given the Court's concerns about Respondents' authority for Petitioner's continued detention, the Court transfers this case to the District of New Mexico for further proceedings.

**ORDER**

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Respondents' motion to transfer venue (Doc. No. [6]) is **GRANTED**.

---

[1]  Petitioner includes a brief argument about forum shopping by Respondents.  This Court has previously addressed concerns about forum shopping by ICE.  *See de Jesus Paiva v. Aljets*, No. 03-cv-6075, 2003 WL 22888865, at *4 (D. Minn. Dec. 1, 2003).  That case came before *Padilla*, however, much of the Court's reasoning is particularly relevant to ICE's recent activity in Minnesota.  In many cases, ICE is working to quickly transport detainees out of Minnesota, creating significant hardship on their families and counsel.  *See, e.g.*, *Tah L. v. Trump*, No. 26-cv-171, 2026 WL 184524, at *3 (D. Minn. Jan. 19, 2026) (recommending denial of motion to transfer where the petition was filed in the District of Minnesota one day after the petitioner was detained in Minnesota, but the petitioner had been allegedly transferred to Texas before filing, without the knowledge of counsel), *adopted as modified*, *Lah v. Bondi*, 2026 WL 184529 (D. Minn. Jan. 23, 2026).  In many cases, the ICE detainee locator system contains only "Call ICE For Details," not a specific location.  *E.g.*, *Miguel T.G. v. Bondi*, No. 26-cv-243, 2026 WL 172722, at *1-2 (D. Minn. Jan. 22, 2026); *see also Adriana M.Y.M. v. Easterwood*; No. 26-cv-213, 2026 WL 184721, at *1-3 (D. Minn. Jan. 24, 2026) (denying a motion to transfer when the petitioner did not appear in ICE's detainee locator system, and her last known location was in Minnesota).

These practices are deeply concerning and generally suggest that ICE is attempting to hide the location of detainees, and thus, make habeas proceedings more difficult for a petitioner and their counsel.  Although Petitioner was transferred in this case, the record shows that counsel knew Petitioner was in New Mexico at the time of filing and suggests that Petitioner was detained in New Mexico for multiple days prior to the filing of the Petition.  (*See* Doc. No. 6 at 1.)  The record also suggests that Petitioner's location has been known to counsel at all times.  Petitioner's case does not fit the pattern of obfuscation the Court is seeing in other cases.  For that reason, the Court grants the transfer request.

2. This case shall be transferred to the District of New Mexico. The Clerk of Court is directed to effectuate the transfer.

Dated: January 28, 2026             s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge